UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                   Case No. 11-32013-DHW
                                                        Chapter 13
Tamara Sims,

        Debtor.


ORDER DENYING MOTION FOR CONTEMPT

On July 17, 2012, the debtor filed a motion seeking to have creditor Resurgent Capital Services, on behalf of CVF Consumer Acquisition Co., its successors and assigns as assignee of NCO Group, Inc. held in contempt of court for the failure to support its proof of claim with the documentation required by Fed. R. Bankr. P. Rule 3001. In addition to the sanctions sought, the debtor requests that the creditor's claim be reduced to nothing. For the reasons set forth below, the debtor's motion for contempt will be DENIED.

PROCEDURAL HISTORY

On August 9, 2011, debtor filed a voluntary Chapter 13 petition which is presently pending before the court. *See* Docket Entry #1. Debtor's Schedule F listed "NCO Financial Systems, Inc. for Capital One" as the creditor for a Capital One credit card account. *Id.* On August 10, 2011, debtor filed a certificate of notice to all creditors, including NCO. *See* Docket Entry #10. On December 8, 2011, Resurgent, on behalf of CVF, its successors and assigns as assignee of NCO filed proof of claim #14 in the unsecured amount of $684.14. *See* Docket Entry #14-1. The filing stated that CVF had purchased the Capital One Account from NCO. *Id.* Resurgent filed its proof of claim on CVF's behalf as servicer of the account. *Id.*

On May 24, 2012, debtor filed an adversary proceeding against Resurgent, CVF and NCO, among others, claiming that they had violated the Fair Debt Collection Practices Act ("FDCPA") by filing proofs of claim for allegedly time-barred debts. *See* Adversary Docket No. 1, Complaint at ¶ 75. The defendants moved to dismiss and on July 12, 2012, this Court dismissed debtor's adversary action, holding that filing a proof of claim on a time-barred debt does not violate the FDCPA. *See* Adversary Docket No. 34, Order Dismissing Adversary Proceeding. On July 17, 2012, debtor filed the instant motion for civil contempt against Resurgent, CVF and NCO. On August 6, 2012, NCO was dismissed from the motion for contempt because it did not file a proof of claim against the debtor. *See* Docket Entry #61.

CONTEMPT

Holding a creditor in contempt of court in this instance would be inappropriate for a number of reasons. First, contempt sanctions are generally appropriate in situations where a party has violated a court order. *See* LBR 9020-1, Bankr. M.D. Ala.

For example, "the creditor who attempts to collect a discharged debt is violating not only a statute but also an injunction and is therefore in contempt of the bankruptcy court that issued the order of discharge." *Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958, 966 (11th Cir. 2012). The filing of a proof of claim, however, even one that does not comport with the procedural requirements of the Rules, does not amount to the violation of a court order. Second, while bankruptcy judges do share the same broad authority as district judges to issue any order, be it injunctive, compensative or punitive, to forestall conduct that stands to frustrate administration of the law, *see In re Hardy*, 97 F.3d 1384, 1389 (11th Cir. 2012), the Bankruptcy Code itself lays out an explicit objection to claims process to deal with deficient filings. As such, an order of contempt would be neither necessary nor appropriate to effectuate the provisions of the Bankruptcy Code.

## OBJECTION TO CLAIM

In this case, the debtor did in fact request that the creditor's claim be reduced to nothing, thereby lodging an objection to the creditor's claim. Using the authority granted by Fed. R. Civ. P. 15, the court will consider the debtor's motion as an objection to the creditor's claim.

Rule 3001(a) of the Federal Rules of Bankruptcy Procedure describes the form and content of a proof of claim and demands that it conform substantially to the Official Form. *See* Fed. R. Bankr. P. 3001(a). When a claim is based on a writing, such as the credit card agreement in the instant case, or any other contract, Rule 3001(c) provides that "the original or duplicate should be filed with the proof of claim." Fed. R. Bankr. P. 3001(c)(1). If the documentation required by the rule is furnished, the proof of claim serves as prima facie evidence of not only the validity of the claim but also the amount of the claim. *See* Fed. R. Bankr. P. 3001(f). And while the burden of persuasion ultimately rests with the claimant, the burden shifts to the objecting debtor to produce sufficient evidence to negate the prima facie validity of a properly filed claim.[1] *In re Holm*, 931 F.2d 620, 623 (9th Cir.1991).

However, when a creditor's proof of claim fails to comply with 3001(c), not only is the claim deprived of any presumption of validity, but the burden of proof remains squarely upon the shoulders of the creditor. *See, e.g.*, *In re Hall*, 2011 WL 1933752, at *1 (Bankr. N.D. Ga. 2011). Further, the current rule makes that hurdle more difficult to overcome the second time around because the court may preclude a claimant from presenting the omitted information, in any form, as evidence in a contested matter or adversary proceeding in the case. Fed. R. Bankr. P. 3001(c)(2)(D)(i).

That said, a 3001(c) deficiency, in and of itself, does not create a basis for disallowing a claim. *In re Hall*, 2011 WL 1933752, at *1 (Bankr. N.D. Ga. 2011).

---

[1] If the debtor proffers sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts back to the claimant to prove the validity of the claim by a preponderance of the evidence. *In re Alleghany Intern., Inc.*, 954 F.2d 167, 173 (3d Cir.1992).

When lack of documentation is the sole objection to claim, the objection should be overruled. *Id.* "Simply put, it is not fair to a creditor to sustain an objection to its proof of claim based on inadequate documentation unless the objecting party alleges some basis for objecting on grounds that would require disallowance or reduction under [11 U.S.C.] § 502(b)." *In re Shank,* 315 B.R. 799, 812 (Bankr. N.D. Ga. 2004). Section 502(b) sets out the exclusive grounds for disallowing a claim and lack of documentation is not one of them. [2] *See* Committee Notes on Rules—2011

---

[2] (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
- (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

(2) such claim is for unmatured interest;
(3) if such claim is for a tax assessed against property of the estate, such claim exceeds the value of the interest of the estate in such property;
(4) if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services;
(5) such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523 (a)(5) of this title;
(6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—
- (A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—
  - (i) the date of the filing of the petition; and
  - (ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus
- (B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates;

(7) if such claim is the claim of an employee for damages resulting from the termination of an employment contract, such claim exceeds—
- (A) the compensation provided by such contract, without acceleration, for one year following the earlier of—
  - (i) the date of the filing of the petition; or
  - (ii) the date on which the employer directed the employee to terminate, or such employee terminated, performance under such contract; plus
- (B) any unpaid compensation due under such contract, without acceleration, on the earlier of such dates;

(8) such claim results from a reduction, due to late payment, in the amount of an otherwise applicable credit available to the debtor in connection with an employment tax on wages, salaries, or commissions earned from the debtor; or
(9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726 (a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed

Amendment; *see also In re Stoecker*, 5 F.3d 1022,1027-28 (7th Cir. 1993); Dove-Nation v. eCast Settlement Corp., 318 B.R. 147, 152 (B.A.P. 8th Cir. 2007); Heath v. Am. Express Travel Related Servs. Co., 331 B.R. 424 (B.A.P. 9th Cir. 2005); ***B-Line, LLC v. Kirkland,*** 379 B.R. 341 (B.A.P. 10th Cir. 2007).

While the rule does grant the court the authority to impose sanctions or award attorney's fees for deficient filings, both are inappropriate in this case. Not only has the creditor withdrawn its proof of claim, thereby mooting the debtor's objection entirely, (Docket Entry #56), but the creditor filed its claim on December 8, 2011, a mere seven days after the amendments to rule 3001, including the documentation requirement, took effect. Creditors' actions do not strike the court as rising to a level that warrants sanctions or an award of attorney's fees. It is therefore

ORDERED that debtor's motion for contempt is denied and her objection to claim is mooted by creditor's withdrawal of proof of claim #14.

Done this 4th day of September, 2012.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
Nicholas D. Wooten, Attorney for Debtor
Curtis C. Reding, Trustee

---

if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide, and except that in a case under chapter 13, a claim of a governmental unit for a tax with respect to a return filed under section 1308 shall be timely if the claim is filed on or before the date that is 60 days after the date on which such return was filed as required.

11 USC § 502(b).